PHILLIP I. BRUST, as Executor, etc., of NICHOLAS BRUST, SR., Deceased, Plaintiff, *v.* PETER J. BRUST and GRACE M. BRUST, Defendants.

Supreme Court, Orleans County, November 10, 1937.

*James F. Anderson,* for the plaintiff.

*Wendell V. O'Shea,* for the defendants.

HARRIS, J. The plaintiff sues the defendants on contract, and the defendants answer, and in such answer set up a number of separate counterclaims as defenses to the plaintiff's cause of action. Such answer was served on the 29th day of September, 1937, and the notice of motion is dated October 13, 1937, and made returnable on the 26th day of October, 1937. As to certain of the counterclaims, it is clear that they would be barred by the Statute of Limitations if the question of so barring them has been properly raised. The defendants claim that such question has not been raised in a proper manner. Their contention is that, although the Rules of Civil Practice provide that the notice of motion to dismiss a complaint on the ground of the running of the statute must be served within twenty days after the service of the complaint (Rule 107), there is no provision in the rules providing for the length of time within which a similar objection can be taken by motion against a counterclaim interposed in an answer. (See Rule 110.)

The defendants argue from this that, in view of the fact that no such provision is made, there does not exist the remedy of attacking

the counterclaim by motion. I cannot agree with the defendants in this contention. Section 30 of the Civil Practice Act specifically provides that " The objection that the action was not commenced within the time limited can be taken by answer [or motion]. The corresponding objection to a defense or counterclaim can be taken by reply [or motion]; except where a reply is not required in order to enable the plaintiff to raise an issue of fact upon an allegation contained in the answer."

Irrespective of whether or not the rules provide for a length of time within which the motion must be made, the section itself is controlling in reference to the motion now being discussed, as to the method of securing the relief sought. The omission of a provision by rule as to the period of time within which the objection is to be raised by motion means either that the motion must be made within a reasonable time or within twenty days, as provided in rule 107 for an attack upon a complaint; it certainly cannot mean within ten days, because rule 110 states specifically what objections to answers are to be raised within ten days. Therefore, I hold that the plaintiff is entitled to the relief for which he prays in his notice of motion as to such counterclaims as are clearly barred by the Statute of Limitations. The plaintiff may have an order striking from the answer the counterclaims numbered 1 and 2 and from 4 to 13, inclusive, and the first paragraph of the counterclaim numbered 20.